

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2003

# USA v. Davila

Precedential or Non-Precedential: Non-Precedential

Docket 02-1446

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Davila" (2003). *2003 Decisions.* Paper 710.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/710

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No: 02-1446

———————

UNITED STATES OF AMERICA

v.

GEOVANI DAVILA,
a/k/a Giovanni,
a/k/a Jovante,
a/k/a John Doe,


Geovani Davila,

Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 01-cr-00018)
District Judge: Honorable Sylvia H. Rambo

———————

Submitted Under Third Circuit LAR 34.1(a)
on January 17, 2003

Before: ROTH, FUENTES
and ALDISERT, <u>Circuit Judges</u>


(Opinion filed March 27, 2003 )

———————

ROTH, <u>Circuit Judge:</u>

Geovani Davila appeals a final judgment of conviction from the United States District Court for the Middle District of Pennsylvania. On June 20, 2001, Davila pled guilty to one count of conspiracy to distribute and to possess with intent to distribute heroin. On February 8, 2002, Davila was sentenced to 384 months imprisonment. Davila appeals, contending that the District Court erred in accepting his guilty plea without first establishing a factual basis for a conspiratorial agreement in violation of F.R.Crim.P. 11(f). Davila did not bring this alleged error to the attention of the District Court.

We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review unpreserved challenges to plea colloquies for plain error. *See e.g. United States v. Vonn*, 535 U.S. 55, 58-59 (2002).

Davila argues that the District Court erroneously accepted his guilty plea without establishing a valid factual basis to support the conspiracy count as required by F.R.Crim.P. 11(f). To meet the plain error test. Davila must prove that (1) an error was committed, (2) the error was plain, (3) the error effected Davila's substantial rights, and (4) the Court of Appeals should exercise its discretion to correct the error because it seriously effects the fairness, integrity or reputations of the judicial proceedings. *See e.g. United States v. Syme*, 276 F. 3d 131, 143 (2002) citing *United States v. Olano,* 507 U.S. 725, 734

(1993).

Davila contends that the "plain error" here is the lack of a factual basis for a "conspiratorial agreement." F.R.Crim.P. 11(f) requires that "notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment ... without making such inquiry as shall satisfy that there is a factual basis for the plea." However, the court does not need to be convinced that a defendant is guilty beyond a reasonable doubt when accepting a guilty plea, only that there is sufficient evidence to justify the reaching of such a conclusion. *See United States v. Cefaratti*, 221 F. 3d 502, 509 (3d Cir. 2000).

Here, during Davila's guilty plea colloquy, the District Court recited and explained the conspiracy charge to Davila and asked if he knowingly and voluntarily agreed to plea guilty. Davila affirmed that he did. Further, the District Court explained the legal definition of conspiracy to Davila and asked if he understood and agreed to plea to conspiracy and the unlawful acts of distributing heroin. Davila again affirmed. Finally, the District Court asked the government to present the facts that supported the charged offense. The government did so and the District Court determined that the guilty plea was supported by a basis in fact and contained all elements of the charged offense. We find no error, muchless plain error. Davila has failed to meet his burden.

For the above reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Jane R. Roth
Circuit Judge

4